UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JENA K. PAIGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:17-CV-174 |
| | ) |
| DEPARTMENT OF VETERANS AFFAIRS, | ) |
| UNITED STATES AIR FORCE, and | ) |
| CIVIL RIGHTS COMMISSION, | ) |
| | ) |
| Defendants. | |

**OPINION AND ORDER**

This matter is before the Court on the motion to dismiss (and memorandum in support) filed by the Defendants on April 28, 2017 (ECF 5 and 6). Plaintiff Jena Paige, proceeding *pro se*, filed a response in opposition to the motion on May 3, 2017 (ECF 10) and the Defendants filed a reply on May 8, 2017 (ECF 14). On May 10, Paige filed what she titled a "motion for judgment as a matter of law as prescribed in federal rules of civil procedures Rule 50(2)" (ECF 16). For the reasons discussed below, the Defendants' motion to dismiss (ECF 5) is **GRANTED** and this case is **DISMISSED WITH PREJUDICE**. The Plaintiff's motion for judgment as a matter of law (ECF 16) is **DENIED AS MOOT**. Plaintiff Jena K. Paige is hereby **ENJOINED AND BARRED FROM FILING** any case in this District against any of the three named Defendants in which she attempts to re-litigate the matters presented in this lawsuit. If Plaintiff persists in filing frivolous cases in this District she will be subject to more serious sanctions, including monetary sanctions and harsher filing restrictions. **The Clerk of the Court is instructed to distribute a copy of this opinion and order to all the judges in this District.**

## STANDARD OF REVIEW

When determining whether to dismiss complaint under Federal Rule of Civil Procedure 12(b)(6), the Court accepts as true all factual allegations in the complaint and draws all reasonable inferences in favor of the plaintiff. *Anicich v. Home Depot U.S.A., Inc.*, 852 F.3d 643, 648 (7th Cir. 2017). But while a *pro se* plaintiff is held to "less stringent standards than formal pleadings drafted by lawyers," she still "can plead [herself] out of court." *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999); *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

The Seventh Circuit recently reaffirmed that "district courts ordinarily should not dismiss a complaint based on an affirmative defense such as res judicata. . . . But when it is 'clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law,' dismissal is appropriate." *Parungao v. Cmty. Health Sys., Inc.*, 858 F.3d 452, 457 (7th Cir. 2017) (citations and footnote omitted). As another district court explained:

> [R]es judicata "is [usually] not one of the affirmative defenses that Rule 12(b) permits . . . ; rather, res judicata is an affirmative defense which should be raised in a motion for judgment on the pleadings under Rule 12(c)." *U.S. Bank, Nat'l Ass'n v. JKM Mundelein LLC*, 2015 WL 2259474, at *2 (N.D. Ill. May 12, 2015). That said, depending upon the allegations raised and the content of the public records subject to judicial notice, "res judicata may provide grounds for dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted." *Id.*; *see also Clark & Leland Condo., LLC v. Northside Cmty. Bank*, 110 F.Supp.3d 866, 868-69 (N.D. Ill. 2015), on reconsideration in part sub nom. 2016 WL 302102 (N.D. Ill. Jan. 25, 2016) ("res judicata is an affirmative defense [however] the doctrine of res judicata may properly be raised as a basis to dismiss a complaint pursuant to Rule 12(b)(6)").

*Mac Naughton v. Alden Mgmt. Servs., Inc.*, 2017 WL 1208579, at *2 (N.D. Ill. Apr. 3, 2017).

In their motion to dismiss, the Defendants also present other grounds for dismissal,

including arguing that this Court lacks derivative jurisdiction over Paige's claims and so the case must be dismissed pursuant to Fed.R.Civ.P. 12(b)(1); that the Defendants are entitled to sovereign immunity; and that Paige failed to exhaust her administrative remedies. Defendants' Memorandum in Support, generally. These are valid bases for dismissal of this case also, although this Court will focus its discussion on the issues of res judicata and maliciousness, which the Court concludes are the preeminent bases for dismissal for the reasons discussed below.

### DISCUSSION

Plaintiff Jena Paige filed this lawsuit against the Department of Veterans Affairs, the U.S. Air Force, and the U.S. Civil Rights Commission in state court on March 28, 2017 (ECF 4).[1] The Defendants removed the suit to this Court on April 21, 2017, "pursuant to 28 U.S.C. § 1442 because it is [a suit] against an agency of the United States." Notice of Removal (ECF 2), p. 2. Paige's Complaint is 28 pages long and is accompanied by a 56-page exhibit that includes medical records, letters and other communications, and several documents that appear to be pages printed from websites (and which discuss various medical conditions). The Complaint, like many *pro se* complaints, is rambling and disjointed and Paige's claims are difficult to discern. That said, there doesn't appear to be any dispute about the essence of those claims or the facts giving rise to them. Since the Defendants' arguments in support of dismissal are well taken, there is no need to recount the underlying facts in great detail. The gist of the matter is this. Paige served in "the U.S. Air Force as a Military Police Officer from Feb[ruary] 2001 [until] June

---

[1] Paige's Complaint names the "Civil Rights Commission" as a defendant, but the agency's proper name, as the government points out, is "'the U.S. Commission on Civil Rights.'" Defendants' Memorandum in Support of Motion to Dismiss, p. 1 (quoting 42 U.S.C. § 1975(a)).

2006." Complaint, p. 6. Paige states that on March 7, 2002, she was injured when she slipped on ice during weapons qualification training. *Id*. Paige was subsequently diagnosed with "[d]ebilitating peripheral neuropathy of unknown etiology." Complaint, Exh. A (ECF 4-1), p. 2. On May 13, 2003, Paige was examined again by Air Force physicians who concluded that she was "unfit" for military duty due to the severity of her neuropathy. *Id*., p. 4. Paige was discharged from the Air Force as a result of her medical condition and received a disability pension thereafter from the VA. *Id*., pp. 23-24. In June of 2011, the VA determined that Paige's disability payment should be reduced since the agency's review of her medical records indicated improvement in her condition–a determination that Paige challenged vehemently. *Id*., p. 33 (VA benefits determination letter); pp. 34-36 (Paige response challenging determination).

Skipping forward many years to the filing of this suit, Paige is attempting to continue her battle with the VA over the amount of her disability benefits, and in addition seeks damages from the Air Force for alleged unlawful employment practices related to her discharge and from the Commission on Civil Rights for allegedly not investigating those unlawful practices. Complaint, pp. 11-13. Paige includes a section near the end of her Complaint titled "Summary of Complaint," which states in part as follows:

> (a) I Jena K. Paige has filed a complaint of my substantial civil rights being deprived that certain agencies that had a duty to prevent did not that was due to the unlawfulness of the agencies being the Civil Rights Commission, and/or that which would be consider fraud, waste, and abusive with the DOD to review my military record when such action were that which violated my substantial rights under the laws, and constitution.
>
> (b) When in truth of what is lawful that has been stated in I Jena K Paige's Complaint, and the material facts of both law and evidence that clearly shows and proves that I suffers of personal injury presently, and too suffered from personal injuries from the actions of the defendants in respect to my employment, and

> discharged from the military that were obstructional towards justice of my substantial civil rights, and constitutional rights of my civil liberties under both the constitution and laws of the interest of Justice that is of the interest of Justice.
>
> (c) I Jena K Paige has suffered, and has to live of the personal injuries of being homeless, financial distress, the lack of adequate means of finances, compensations, and entitlement to support myself and the disability that I suffer from, that is made to live in double jeopardy of my civil liberties of my civil freedom violated, deprived, and even of involuntary servitude, that I be a slave unto.

*Id.*, p. 13. Paige seeks money damages,[2] but also asks for the following relief:

> I Jena K. Paige the Plaintiff seeks justice for the following and following reason:
>
> (a) To be relieved of the pain and suffering of the wrongs stated in my complaint in and of justice of and for; to reform the wrongs that I have been made to suffer from and of; of my civil liberties of my civil freedom.
>
> (b) That in my getting justice that I will be relieved from the pain and suffering that I may be able to live out the remaining of my life in the pursuit of my happiness that I can be united with my fiancé . . . that lives in a foreign country (Nigeria) so that we can be married, and too whenever I am that be reunited with my child Jamal M. Paige I will no longer be in and of to live in double of the actions of this complaint.
>
> (c) That I have justice of these wrongs in my living out the remaining of my life to endure the disabilities that I suffer from that I know that I can live from be subjected to slavery, involuntary servitude, double jeopardy of the loss of my life to live in the pursuit of happiness of the oppression, that I have be oppressed by.

*Id.*, p. 18-19.

The Defendants argue that this lawsuit must be dismissed for a host of reasons, not the least of which is that Paige has been trying unsuccessfully to pursue these same claims against these same defendants for many years in this and other federal courts. The Defendants want the

---

[2] Paige seeks damages of "no less than $5.5 million" against the Air Force, "no less than than $2 million" from the VA, and "no less than $3.5 million" from the Commission. Complaint, p. 18.

5

Court to stop this lawsuit in its tracks on the basis of res judicata. Motion to Dismiss, p. 1; Memorandum in Support, pp. 2-3. They also argue that "Plaintiff should be barred from filing any further actions relating to her discharge from the USAF, denial of VA benefits relating to her military service, and relating to the U.S. Commission on Civil Rights [alleged] failure to investigate unlawful employment practice relating to her discharge." Memorandum in Support, p. 3.

This case, as the Defendants point out, is Paige's third bite at this apple in this Court and she pursued the same claims (or iterations thereof) in multiple lawsuits filed in the Southern District of Georgia over the course of many years. The cases filed previously in this Court included *Jena Paige and Jamal Paige v. United States*, 2011 WL 845078 (N.D. Ind. March 8, 2011) and *Jena Paige v. U.S. Commission on Civil Rights*, 2017 WL 1234037 (N.D. Ind. April 4, 2017). In the first case, Judge Simon issued an order denying Paige's motion to proceed *in forma pauperis* and dismissed her complaint. *Paige v. U.S.*, 2011 WL 845078 *1. But Judge Simon went further, reviewing Paige's complaint as required by 28 U.S.C. § 1915, and stating as follows:

> District courts are required under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants, and courts must dismiss a complaint if it is "frivolous" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B) (i)-(ii). This case is certainly frivolous–the Southern District of Georgia has already found Paige's similar cases were frivolous and barred her from any further filings–and, thus, I must dismiss it on that ground alone.
>
> In addition, the case fails to state a claim on which relief may be granted. Courts apply the same standard under § 1915(e)(2)(B) (ii) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). . . . Here, Plaintiffs' allegations do not state a plausible claim for relief. With respect to any of Paige's claims relating to her discharge from the Air Force, those claims are foreclosed by

6

> the res judicata effect of all the aforementioned decisions from the Southern District of Georgia and the Eleventh Circuit. Those cases each reached a final judgment on the merits and each had the same parties, the same operative facts, and the same causes of action as the present case. *See Cent. States, Southeast and Southwest Areas Pension Fund v. Hunt Truck Lines, Inc.*, 296 F.3d 624, 628 (7th Cir. 2002) (reciting the elements of res judicata ). As a result, any of Paige's claims related to her military discharge are barred.
>
> With respect to any claims regarding the adverse rulings she received from the Southern District of Georgia and the Eleventh Circuit, I have no jurisdiction to reverse those decisions. 28 U.S.C. § 1291 ("The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . ."); 28 U.S.C. § 1254 ("Cases in the courts of appeals may be reviewed by the Supreme Court by the following methods . . . .").

*Id*. at *2-3 (some internal citations omitted). Judge Simon's order, unfortunately, did not deter Paige, who returned to this Court this year to file this case and *Jena Paige v. U.S. Commission on Civil Rights*, which was assigned to Judge Lozano. In an opinion and order entered just a few months ago, Judge Lozano denied another motion by Paige to proceed *in forma pauperis* and, like Judge Simon, reviewed Paige's proposed complaint pursuant to § 1915, recounted her numerous lawsuits in federal courts in Georgia and the Eleventh Circuit, and explained that her most recent filing failed to bestow subject matter jurisdiction in this Court, failed to pass muster under the Rule 12(b)(6) pleading standard, and was barred by the doctrine of res judicata. Judge Lozano wrote as follows:

> This complaint is frivolous. The multiple Georgia cases and the other case filed in the Northern District of Indiana have repeatedly foreclosed Paige's similar claims, finding they were frivolous and barring her from further filings. . . . Additionally, this complaint also fails to state a claim on which relief may be granted. Courts apply the same standard under section 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). . . . Here, Paige's allegations are confusing and do not state a plausible claim for relief.

*Paige v. U.S. Comm'n on Civil Rights*, No. 1:17-CV-82, 2017 WL 1234037, at *2. Judge Lozano

addressed the issue of Paige's previous cases in Georgia and noted as follows:

> Since 2006, [Paige] has filed a number of civil cases against the United States or the Air Force in the District Court for the Southern District of Georgia, all contending her military discharge was fraudulent. *See, e.g., Paige v. United States*, 4:2010-CV-210 (S.D. Ga. Sept. 13, 2010); *Paige v. United States Air Force*, 4:2009-CV-182 (S.D. Ga. Nov. 30, 2009); *Paige v. United States*, 4:2008-CV-71 (S.D. Ga. Apr. 8, 2008); *Paige v. United States*, 4:2007-CV-151 (S.D. Ga. Oct. 9, 2007). Each of these cases was dismissed on various grounds, including that Paige had not exhausted her administrative remedies, that the case was barred by the statute of limitations and/or that the case was frivolous. *See, e.g.*, 4:2010-CV-210 ("As the Court has repeatedly explained to her, her claims are frivolous, duplicative, and time-barred."). The Southern District of Georgia eventually enjoined Paige from filing any more complaints in that court related to her military discharge. *In re Jena Paige*, 4:2010-MC-40 (S.D. Ga. Sept. 30, 2010) ("[Paige] is advised that her crusade against the United States is at an end. Paige should be ENJOINED from filing any further complaints relating to her discharge from the United States Air Force. Should she file another such complaint, she will be subject to contempt for violating the Court's injunction.").
>
> Paige then filed a lawsuit in this Court, focusing on her military discharge and asking the Court to review the adverse decision she got from the Southern District of Georgia and the Eleventh Circuit Court of Appeals. *See Jena Paige and Jamal Paige v. United States of America*, Case No. 1:11-CV-54 (N.D. Ind. Mar. 8, 2011). The Honorable Philip P. Simon denied the motion for *in forma pauperis* in that case, finding it frivolous due to the earlier lawsuits and because it failed to state a plausible claim for relief. *Id*.

*Id*. at *1. Still undeterred, Paige is back with this lawsuit, which suffers the same fate as all her others and for the same reasons. Her allegations are frivolous and fail to state any claim upon which relief can be granted; her proposed claims are barred by applicable statutes of limitation or failure to exhaust administrative remedies or because they assert claims against federal agencies that are immune from suit; and her Complaint is subject to dismissal on the basis of res judicata.

To all of these barriers, this Court adds this determination: the filing of this lawsuit reflects maliciousness on the part of the Plaintiff, who has been warned repeatedly by several federal courts over the last 10 years that her claims against these Defendants are legally

8

insufficient for many reasons. Paige has demonstrated a long history of ignoring court rulings and continuing her pattern of repeatedly filing lawsuits against these same Defendants based on the same underlying facts–which is the very definition of maliciousness–and it needs to stop. This Court need not engage in a lengthy analysis or discussion of the many legal barriers this lawsuit faces–they all have been explained to Paige many times by many judges. This Court has nothing to add to the explanations provided by Judge Simon, Judge Lozano, or our sister courts in Georgia.[3] For all these reasons, this lawsuit must be dismissed–this time with prejudice.[4]

Jena Paige clearly suffers from medical conditions that have resulted in physical, emotional and financial difficulties. Her problems began when she was only 20 years old and on active duty with the U.S. Air Force. They became so severe that she was unable to continue in

---

[3] Paige's response in opposition to the motion to dismiss also does not warrant discussion. She argues that "the case should not be dismissed because such dismissal is not of substantial justice, and would be obstructional towards the substantial rights of justice and I the plaintiff as prescribed in this Motion objecting [to] the defendant[s'] motion to dismiss." Plaintiff's Response, p. 12. Other than that general plea to allow her case to move forward in the interest of "substantial justice," Paige presents no valid legal argument in opposition to the motion to dismiss.

[4] Neither Judge Simon nor Judge Lozano had the discretion to dismiss Paige's prior suits with prejudice, given that they were ruling only on Paige's motion to proceed *in forma pauperis*. And even though both cases were reviewed under § 1915 and determined to be frivolous, those determinations were not final judgments on the merits of Paige's claims (but rather determinations that the Court lacked subject-matter jurisdiction since Paige failed to state any valid claims) and so the dismissals were without prejudice. *See Ezike v. Nat'l R.R. Passenger Corp.*, 2009 WL 247838, at *3 (7th Cir. Feb. 3, 2009) (when a lawsuit is based on allegations that are "so insubstantial that they fail[] to engage the district court's subject-matter jurisdiction[,]" the case must be dismissed without prejudice). The procedural posture is different here, given that the Defendants have appeared and the matter is before the Court on a fully briefed motion to dismiss that places the determinative issues of res judicata and maliciousness squarely at the forefront of the analysis. This Court has the authority and discretion to dismiss this case *with* prejudice, which is the proper outcome for all of the reasons discussed in this opinion.

military service and, apparently, unable to work to support herself. It is also clear that Paige feels that she was somehow mistreated, discriminated against, and denied constitutional rights with regard to her military discharge and the benefits she received after discharge–and she has tried to press her case in various courts for the past decade. While this Court is not unsympathetic to Paige's plight, it is unsympathetic to her repeated attempts to pursue claims that she has been told many times have no legal basis. Accordingly, this Court will follow the lead of the federal courts in Georgia and bar Paige from filing any more lawsuits in this Court against any of the named Defendants if such suit is based on these same allegations and claims. That is, Paige is enjoined from filing any lawsuit in the Northern District of Indiana that is related to her discharge from the U.S. Air Force, her benefits from the VA, or her contention that the U.S. Commission on Civil Rights failed to investigate alleged illegal "employment practices" related to her discharge. As our sister court in Georgia held, it is time for Paige's "crusade" against the Defendants to come to an end (*In re Jena Paige*, 4:2010-MC-40 (S.D. Ga. Sept. 30, 2010)) and a filing restriction is therefore warranted. "When dealing with a frivolous litigator who, despite due warning or the imposition of sanctions, continues to waste judicial resources, we impose a filing bar preventing the litigant from filing in this court or any federal court in this circuit. . . . Usually such an order is tied to a monetary incentive–such as the payment of outstanding filing fees, the imposition of a fine, or both." *McCready v. eBay, Inc.*, 453 F.3d 882, 892 (7th Cir. 2006) (citations omitted).

      Finally, there is Paige's pending motion for judgment as a matter of law (ECF 16). In that motion, Paige cites Fed.R.Civ.P. 50(2) and asks this Court to enter judgment against the Defendants, award her $11 million in damages, and make a determination that she is "100%" disabled (which she claims would entitle her to an additional award of $498,391.00 "for 100%

10

disability unemployable from 2003 [to] present[.]"). The Defendants did not bother to file a response to this motion, likely because it is baseless on its face. Because Paige's suit must be dismissed, her motion for judgment as a matter of law is moot.

## CONCLUSION

For the reasons set forth above, the motion to dismiss filed by the Defendants (ECF 5) is **GRANTED** and this case is hereby **DISMISSED WITH PREJUDICE**. The Plaintiff's motion for judgment as a matter of law (ECF 16) is **DENIED AS MOOT**. Plaintiff Jena K. Paige is hereby **ENJOINED AND BARRED FROM FILING** any case in this District against any of the three named Defendants in which she attempts to re-litigate the matters presented in this lawsuit. If Plaintiff persists in filing frivolous cases in this Court she will be subject to more serious sanctions, including monetary sanctions and harsher filing restrictions. **The Clerk of the Court is instructed to distribute a copy of this opinion and order to all the judges in this District.**

Date: July 27, 2017

    /s/   William C. Lee
William C. Lee, Judge
United States District Court
Northern District of Indiana